IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA G. PENA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-3642 |
| | : | |
| GERMANTOWN CAB COMPANY, | : | |
| *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

RUFE, J.                                                      AUGUST 13, 2020

Plaintiff Vanessa G. Pena filed this civil action seeking damages for injuries she
sustained in a vehicular collision.  Pena seeks leave to proceed *in forma pauperis*.  The Court
will grant her leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice
for lack of subject matter jurisdiction.

## I.      FACTUAL ALLEGATIONS

The Court understands Pena to be pursuing tort claims under Pennsylvania law based on
a vehicular collision in Philadelphia.  On February 18, 2019, Roshmond Augustine, who was
driving a vehicle owned by the Germantown Cab Company, made an illegal U-turn and collided
with a vehicle in which Pena was a passenger.  (Compl. ECF No. 1 at 7.)[1]  Pena alleges that
Augustine was driving negligently and that she was seriously injured as a result of the collision,
although the specific nature of her injuries is unclear.  (*Id.*)

Pena filed the instant civil action against Augustine (identified as a "contractor" of the
Germantown Cab Company), the Germantown Cab Company, and Jacob Gabbay (identified as

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

1

the "Director" of the Germantown Cab Company).  In addition to alleging that Augustine's

negligence was at fault for the collision, she alleges that Gabbay "grossly underfunded" the

Germantown Cab Company and was himself negligent in its operations.  (*Id.* at 13.)  Pena

alleges that Defendants Augustine and Gabbay reside in Pennsylvania, and that the Germantown

Cab Company is a Pennsylvania corporation with its principal place of business in Pennsylvania.

(*Id.* at 9-10.)  She alleges that "the nature of the parties are diverse" but does not allege her

citizenship.  (*Id.* at 11.)  She appears to be alleging that she should not be considered a "citizen

and or resident."  (*Id.* at 9.)

## II.     STANDARD OF REVIEW

Pena's motion to proceed *in forma pauperis* is granted because it appears that she is

incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  To

survive dismissal for failure to state a claim, the complaint must contain "sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quotations omitted).  Furthermore, "[i]f the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P.

12(h)(3).  As Pena is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v.

Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

This Court lacks subject matter jurisdiction over Pena's claims, which arise under state

law.  A district court has jurisdiction over a case in which "the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different

States."  28 U.S.C. § 1332(a).  Here, it is not clear whether the parties are diverse for purposes of § 1332(a).

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state or states in which it is incorporated and maintains its principal place of business.  *See* 28 U.S.C. § 1332(c). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Here, Pena's allegations reflect that the Defendants are citizens of Pennsylvania. However, she has not sufficiently alleged her citizenship in a manner that would support the Court's exercise of diversity jurisdiction.  Rather, she appears to invoke nonsensical legal jargon to suggest that she is not a "citizen and or resident."  (ECF No. 1 at 9.)  Pena may not rely on such allegations to establish diversity.  *See Wells Fargo Bank, Nat'l Ass'n As Tr. for Holders of the Merrill Lynch Mortg. Inv'rs Tr., Mortg. Loan-Asset-Backed Certificate Series 2006-WMCI v. Dey-El*, 788 F. App'x 857, 860 (3d Cir. 2019) (per curiam) (allegations that litigant was "a citizen of the 'Moorish American National Republic' and not of New Jersey or of any other state" did not adequately allege citizenship for purposes of establishing diversity jurisdiction).

3

Furthermore, although Pena provided the Court with a Pennsylvania address, it is not clear that she is a citizen of Pennsylvania.  Accordingly, the Court will permit Pena to file an amended complaint in the event she can clearly allege a basis for subject matter jurisdiction.[2]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Pena leave to proceed *in forma pauperis* and dismiss the Complaint for lack of subject matter jurisdiction.  Pena will be given leave to file an amended complaint in the event she can state a basis for the Court's subject matter jurisdiction.  Alternatively, she may seek to refile this case in the proper state court, where federal jurisdiction will not be an issue.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

[2] Pena does not clearly state the amount of damages she seeks.  Yet she alleges that she seeks a sum "in excess of that required for federal jurisdictional purposes."  (ECF No. 1 at 1.)  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."  **Error! Main Document Only.***Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).  **Error! Main Document Only.**"The sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).  Given the absence of specific allegations about the harm suffered by Pena and the unclear nature of her damages request, it is not clear that the amount in controversy is satisfied here.