IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA G. PENA,         : | | |
|     Plaintiff,           : | | |
|                          : | | |
| v.                       : | | CIVIL ACTION NO. 20-CV-3642 |
|                          : | | |
| GERMANTOWN CAB COMPANY,  : | | |
| *et al.*,                : | | |
|     Defendants.          : | | |

**ORDER**

AND NOW, this 13th day of August, 2020, upon consideration of Plaintiff Vanessa G. Pena's Motion to Proceed *In Forma Pauperis* (ECF No. 3), and Complaint (ECF No. 1) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction for the reasons in the Court's Memorandum.

4. Pena may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, and shall state the basis for Pena's claims against each defendant and the basis for the Court's jurisdiction over her claims. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Pena should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. Pena may use the Court's standard form complaint to be used by a self-represented litigant filing a civil action to file her amended complaint if she chooses to do so. This form is available on the Court's website, http://www.paed.uscourts.gov/documents/forms/frmcgenf.pdf. Pena is reminded to include the civil action number for this case on her amended complaint before submitting it to the Court.

6. If Pena does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Pena fails to file any response to this Order, the Court will conclude that Pena intends to stand on her Complaint and will issue a final order dismissing this case.[1]  *See Weber*,

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, — F.

939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

8. Pena is encouraged to check the Court's website for developments regarding the Court's response to COVID-19 (coronavirus), available here, http://www.paed.uscourts.gov/response-to-covid-19.  The website contains information about filing and accessibility of the Courthouse while COVID-19 measures are in place.

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

App'x —, 2020 WL 1487691, at *1 n.1 (3d Cir. Mar. 25, 2020).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).